[No. C032966. Third Dist. Feb. 1, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH WHITNEY COMO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the introduction, part III of the Discussion, and the Disposition are certified for publication.

## COUNSEL

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Charles Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HULL, J.**—Defendant Joseph Whitney Como appeals his convictions for possession of cocaine for sale (Health & Saf. Code, § 11351.5) and possession of marijuana for sale (Health & Saf. Code, § 11359). On appeal, he contends there was insufficient evidence to support those convictions. He also complains the court erred in denying, without hearing, the second of his three *Marsden* motions. (*People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]. Finally, defendant contends the trial court committed various instructional errors.

In the published portion of our opinion, we discuss defendant's claim that CALJIC No. 1.00 improperly instructs a jury "in a way that prohibit[s] jury nullification." Because jurors are restricted to the determination of factual questions and may not themselves decide what the law is or what it should be, we reject that contention. In the unpublished portion of the opinion we reject defendant's remaining claims. We affirm the judgment.

FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . .

III

*CALJIC No. 1.00 and Jury Nullification*

The trial court instructed the jury as follows, using CALJIC No. 1.00:

*See footnote, *ante*, page 1088.

"Members of the Jury, you have heard all of the evidence and the arguments of the attorneys, and now it is my duty to instruct you on the law that applies to the case.

"The law requires that I read the instructions to you.

"You will have these instructions in written form in the jury room to refer to during your deliberations.

"You must base your decisions on the facts and the law.

"You have two duties to perform.

"First, you must determine what facts have been proved about the evidence in the trial and to [*sic*] not from any other source.

"A fact is something proved by the evidence or by a stipulation.

"A stipulation is an agreement between the attorneys regarding the facts.

"Second, you must apply the law that I state to you to the facts as you determine them, and in this way arrive at your verdict and any finding you are instructed to apply [*sic*] in your verdicts.

"You must accept and follow the law as I state it to you, regardless of whether you agree with the law.

"If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions and the law, you must follow my instructions.

"You must not be influenced by pity for or prejudice against a defendant.

"You must not be biased against a defendant because he he's [*sic*] been arrested with this offense, charged with a crime, or brought to trial.

"None of these circumstances is evidence of guilt, and you must not infer or assume from any or all of them that a defendant is more likely to be guilty than innocent.

"You must not be influenced by sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling.

"Both the People and the defendant have a right to expect that you will consciously [*sic*] consider and weigh the evidence, apply the law, and reach a just verdict regardless of the consequences."

■ Defendant objects to that portion of the instruction that says, "You must accept and follow the law as I state it to you, regardless of whether you agree with the law." He argues that, by using that language, the trial court improperly instructed "the jury in a way that prohibited jury nullification."

Our Supreme Court said recently that, " ' "it is a fundamental and historic precept of our judicial system that jurors are restricted solely to the determination of *factual* questions and are bound by the law as given them by the court. They are not allowed either to determine what the law *is* or what the law *should be*." [Citation.]' " (*People v. Williams* (2001) 25 Cal.4th 441, 455 [106 Cal.Rptr.2d 295, 21 P.3d 1209] [juror who could not obey the law properly removed from jury].)

Defendant's attack on CALJIC No. 1.00 is without merit.

## IV, V*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Callahan, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 1, 2002.

---

*See footnote, *ante*, page 1088.